<div style="text-align:center; color:red;">CORRECTED</div>

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0675V

| | |
|---|---|
| SHANNON ROBBINS,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: July 24, 2023 |

*Koby Jack Kirkland, Law Office of Koby Kirkland, LLC, Mobile, AL, for Petitioner.*

*Julia Marter Collison, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 16, 2022, Shannon Robbins filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged injuries resulting from an influenza vaccine received on October 29, 2020. Petition, ECF No. 1. On April 21, 2023, I issued a decision awarding compensation based on the parties' stipulation. ECF No. 22.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $49,368.14 (representing $48,667.00 for attorney's fees, plus $701.14 in costs).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner's Application for Attorney's Fees and Costs ("Motion") filed May 26, 2023, ECF No. 27. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 27-4.

Respondent reacted to the motion on June 2, 2023, noting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 28. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

Petitioner requests the hourly rate of $360 for work performed in the 2021-23 timeframe by attorney Koby Kirkland. ECF No. 27-2. This rate requires adjustment.

Mr. Kirkland has been a practicing attorney since 2014, placing him in the range of attorneys with 8 - 10 years' experience on the OSM Attorney Forum Hourly Rate Schedules.[3] Mr. Kirkland has handled approximately three cases in the Vaccine Program to date. ECF No. 27-1.

Although Mr. Kirkland's requested rate of $360 falls in the appropriate range for an attorney of his level of overall legal experience, I find the requested rate to be excessive, given that Mr. Kirkland does not yet have the levels of Vaccine Act experience that would justify a higher rate, in comparison to other attorneys who have represented Vaccine Program petitioners more often. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). Thus, I find that it is reasonable to compensate Mr. Kirkland at the lesser rate of $300 for all time billed in the 2021-23 timeframe. This results in a reduction of attorney's fees to be awarded of **$8,112.00.**[4]

Furthermore, I find that Mr. Kirkland billed a total of 2.90 hours for time spent on tasks which are not reimbursable. Specifically, he performed background research into basic Program matters (as opposed to the specifics of this claim).[5] ECF No. 27-2. But

---

[3] The OSM Attorneys' Forum Hourly Rate Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914

[4] This amount consists of ($360 - $300 = $60.00 x 135.20 hrs. = $8,112.00).

[5] Examples of these entries include: Feb. 8, 2021 (0.50 hrs) "Evaluating potential case by reviewing Vaccine Guidelines, Table and other resources RE site of administration injuries."; Mar. 4, 2021 (0.50 hrs) "Analyzing and interpreting law on pursuing claim against vaccine administrator in addition to or in the alternative of the vaccine act claim."; Mar. 10, 2021 (0.20 hrs) "Researching law on pursuing claim against administrator after accepting vaccine award."; Nov. 3, 2021 (0.30 hrs) "Researching Guidelines and taking notes RE recoverability of past and future medical expenses under VICP."; Feb. 4, 2022 (1.40 hrs) "Reviewing vaccine statutes and performing legal research into tolling provided by 42 USC § 300aa-16(c), confirming "Claimant made correct decision in pursuing VICP claim first and having the option, after judgment, to pursue another action outside the VICP if she chooses." ECF No. 27-2.

reasonable attorneys' fees and costs are limited to those "incurred in any proceeding on [a] petition." Section 15(e)(1); *see also Krause v. Sec'y of Health & Human Servs.*, No. 01-93V, 2012 WL 4477431, at *6 (Fed. Cl. Spec. Mstr. June 20, 2012). "[R]esearch conducted to explore petitioner's civil remedies . . . are not tasks related to the proceedings on this vaccine claim," and thus, should not be compensated. *Krause*, 2012 WL 4477431, at *6. Additionally, "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). Accordingly, I will not award this time, reducing the total fees to be awarded by the amount of **$1,044.00**.[6]

Lastly, Petitioner requests compensation for a number of paralegal tasks that were improperly billed at an attorney's rate.[7] ECF No. 27-2. Review of the billing invoices submitted with Petitioner's request reveal that Mr. Kirkland billed approximately 4.20 hours for work considered paralegal in nature. Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.,* 99-382V, 2009 WL 3319818, *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.,* No. 99-535, 2008 WL 5747914, *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). Accordingly, all paralegal related tasks will be reimbursed at the rate of $148 per hour. This results in an additional reduction in attorneys' fees to be awarded of **$890.40**.[8]

---

[6] This amount consists of ($360 x 2.90 = $1,044.00).

[7] Examples of these entries include: Aug. 16, 2021 (0.20 hrs) "Saving new BS&W records CD onto server and briefly reviewing new medical records for completeness."; Oct. 15, 2021 (0.40 hrs) ""Reviewing and saving emails and ecords from Client RE dermatology appointment/diagnosis of guttate psoriasis and psoriatic arthritis."; Feb. 15, 2022 (0.50 hrs) ""Drafting and sending request for add'l medical records from BSW Hospital Temple but with significant edits limiting time of treatment and providers."; Feb 18. 2022 (0.10 hrs) "Reviewing and saving photos sent by client of skin condition." I note that these are just a few examples of the billing entries in this matter which reflect paralegal work billed at an attorney rate. ECF No. 27-2.

[8] This amount consists of ($360 - $148 = $212 x 4.20) = $890.40

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$39,321.74 (representing $38,620.60 for attorney's fees and $701.14 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Koby J. Kirkland.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[9]

**IT IS SO ORDERED.**

<div style="text-align:right">

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

</div>

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.